FILED
United States Court of Appeals
Tenth Circuit

November 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IVAN L. SWEETS, SR.,

      Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
EMPLOYMENT, WORKERS
COMPENSATION DIVISION; WENDY
SCHULTZ, and all JOHN DOES and
JANE DOES not currently known by
name, to be addressed at a later date,
employees of WYOMING WORKERS
COMPENSATION DIVISION in their
individual and official capacities,

      Defendants - Appellees.

No. 14-8012
(D.C. No. 2:13-CV-00111-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ivan L. Sweets, Sr. appeals from the district court's judgment dismissing his pro se civil-rights complaint under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm the dismissal.

## BACKGROUND

In his complaint Mr. Sweets alleged that in 1997 he injured his left knee while a prisoner working in the laundry room of the Wyoming State Penitentiary. He filed a claim with the Wyoming Worker's Compensation Division (Division) for his injury, and after his release from prison he underwent surgery on the knee. The Division initially refused to provide payment for the surgery. But after he successfully challenged this refusal in the Wyoming Supreme Court, he received an order from a hearing examiner awarding him all his claimed benefits from the Division, including reimbursement for the surgery.

Despite the surgery Mr. Sweets continued to experience problems with his knee. An orthopedic specialist determined that he required additional surgery. Mr. Sweets several times requested preauthorization from the Division for payment of the costs of this additional surgery. His requests were denied until 2010, when an additional orthopedic specialist recommended further surgery. The Division reversed its earlier decisions and determined that additional treatment would be compensable.

In 2011 the Division preauthorized payment for the additional knee surgery. Before Mr. Sweets could obtain the surgery, however, he was convicted of a felony and sentenced to a term of imprisonment in the custody of the Wyoming Department

of Corrections (WDOC). Corizon Health, Inc. (Corizon) provides health care at the WDOC facility where Mr. Sweets was incarcerated when he filed his complaint. Mr. Sweets requested treatment for his knee from Corizon. He informed it of his medical history, including the preauthorization for surgical treatment that he had received from the Division. According to Mr. Sweets's complaint, "Corizon stated that it had contacted Worker's Compensation concerning the [recommended treatment] and whether [the Division] had pre-approved payment for this treatment. [The Division] denied that it had pre-approved payment for this treatment and therefore refused to provide [Mr. Sweets] with coverage for medical costs related to this treatment." R., Vol. I at 11.

The complaint alleges that the defendants violated his rights to equal protection and due process under the United States and Wyoming constitutions by "arbitrarily and capriciously depriv[ing him] of awarded worker's [compensation] benefits . . . without first invoking [the] procedural process [required] under Wyoming law." *Id.* He sought compensatory and punitive damages. The defendants first answered and then moved to dismiss the complaint. Mr. Sweets then moved to amend, and the district court denied his motion.

Mr. Sweets subsequently filed a "Request for Production of Documents" with the district court. *Id.* at 176. The defendants responded with a motion for stay of discovery. Before ruling on the discovery issues, the district court entered an order

- 3 -

dismissing the complaint and denying all pending motions as moot. Mr. Sweets appealed.

## ANALYSIS

"We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Our review of a dismissal under the Eleventh Amendment is also de novo. *See Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

The district court dismissed Mr. Sweets's claims against the Wyoming Department of Employment (now known as the Wyoming Department of Workforce Services, *see* Wyo. Stat. § 9-2-2601(k)) and the Division, because these defendants are agencies of the State of Wyoming and therefore have immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. In his opening brief Mr. Sweets does not challenge the district court's Eleventh Amendment ruling. He has therefore waived any issue as to that ruling. *See City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) (arguments not

- 4 -

raised in the opening brief are waived).  We affirm the dismissal of the claims against these governmental defendants.

The district court likewise dismissed Mr. Sweets's official-capacity claims against the only individual defendant named in the complaint, Wendy Schuetz,[1] on the ground that the claims against her in her official capacity—which sought only damages—were  also barred by the Eleventh Amendment.  We agree.  *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (the Eleventh Amendment bars suit for damages against a state official acting in her official capacity).

As for the claims against Ms. Schuetz in her individual capacity, the district court dismissed them on the ground that the complaint contained no factual allegations showing that she personally engaged in any unconstitutional activity.  A plaintiff alleging a § 1983 claim for denial of his constitutional rights by a natural person must demonstrate that the defendant was personally involved in the alleged constitutional violation.  *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).  Because Mr. Sweets failed to allege facts that showed Ms. Schuetz personally participated in violating his constitutional rights, we affirm the dismissal of Ms. Schuetz in her individual capacity.

---

[1]     The caption shows her name as "Wendy Schultz," but the correct spelling is "Schuetz."

Finally, the district court dismissed the John Doe and Jane Doe defendants. It reasoned that if they were sued in their official capacities, the Eleventh Amendment provided them with immunity from suit. And if sued in their individual capacities, the complaint contained no facts showing that they had personally participated in any constitutionally impermissible conduct. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (Section 1983 "imposes liability for a defendant's own actions— personal participation in the specific constitutional violation complained of is essential."). We agree and accordingly affirm the dismissal of the John Doe and Jane Doe defendants.

Thus, each of the defendants named in Mr. Sweets's complaint was properly dismissed. Mr. Sweets argues, however, that the district court should not have dismissed the action before providing him with an opportunity to conduct discovery. With the documents he asked defendants to produce, he argues, he could have discovered which individuals were responsible for denying his constitutional rights, and could have filed an amended complaint detailing their personal participation in the deprivation of his rights.

But there was no whisper of this argument in district court. To be sure, Mr. Sweets now argues that he sought discovery "to obtain the very facts upon which the defendants' motion to dismiss was predicated." Aplt. Opening Br. at 26. This argument, however, is made for the first time on appeal. In district court Mr. Sweets never requested discovery to enable him to amend his complaint. Indeed, he filed no

response to the defendants' motion to dismiss, or any other pleading asserting that he should be afforded discovery to cure any deficiency in his complaint.[2]

Mr. Sweets was certainly put on notice of those deficiencies. The motion to dismiss stated the proposition that "a plaintiff must show the defendant personally participated in the alleged violation," R., Vol. I at 64, and argued that because Mr. Sweets's complaint did not contain allegations of personal participation, it "[did] not permit the court to infer more than the mere possibility of misconduct," *id* at 65.

Thus, the district court was left to rule on a facially meritless complaint undefended by any responsive pleading, accompanied by a discovery request that, to all appearances, sought discovery on the assumption that the case would move forward. It is unsurprising, under these circumstances, that the district court denied the discovery-related motions as moot. Moreover, after the district court granted the motion to dismiss, Mr. Sweets made no further request for discovery or attempt to amend his complaint.

Our general rule is that a pro se party should be given leave to amend after a dismissal under Rule 12(b)(6). *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014). But we see no abuse of discretion in the district court's

---

[2]     After the defendants' motion to dismiss but before dismissal and before his discovery request, Mr. Sweets filed a motion for leave to amend his complaint, which did not request discovery to fix deficiencies in the complaint. The district court denied his motion to amend because of various defects unrelated to such deficiencies. He has not appealed this denial.

failure to sua sponte grant such leave here. The plaintiff should display at least minimal interest in defending the validity of his claims before the district court is required to prolong the litigation by giving the plaintiff a second chance to state a claim.

## CONCLUSION

The judgment of the district court is affirmed. We grant Mr. Sweets's motion to proceed IFP, and remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Harris L Hartz
Circuit Judge